DAVIS v. GALLAGHER et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

ADMINISTRATORS—COSTS—LIABILITY.

Where an administrator rejects a claim presented within the time limited for presentation, and refuses a reference, on recovery plaintiff is entitled to costs, under Code Civ. Proc. § 1836, providing that, where an administrator refuses to refer a claim, costs may be awarded against him.

Appeal from special term, Oswego county.

Action by Dan H. Davis against John W. Gallagher and others. From an order awarding plaintiff costs, defendants appeal. Affirmed.

The order provided "that the plaintiff have and recover of said defendants the costs of this action, and said plaintiff's costs and disbursements in this action are hereby awarded to said plaintiff and against said defendants, to be included in the judgment for damages entered upon the report of said referee, and collected therewith out of the property of said decedent, James L. Price." At the special term the report of the referee was read, in which

the referee finds, viz.: "That before the commencement of this action the plaintiff duly presented to the defendants, as administrators of the estate of James L. Price, deceased, a claim against his estate, duly itemized and verified, aggregating $2,065, less the credits, aggregating $554.20, above referred to; that thereafter, and before the commencement of this action, the plaintiff duly offered to said defendants to refer his said claim to some proper referee, as by the statute made and provided; and that such offer was absolutely refused by said defendants." There was a stipulation submitted with this appeal from the order, to the effect that the report of the referee might be considered a part of the motion papers.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

J. W. Shea, for appellants.

T. W. Skinner, W. A. Poucher, and L. C. Rowe, for respondent.

HARDIN, P. J. There was some conflict in the affidavits used at the special term in respect to whether the claim was presented and rejected within the time mentioned in the notice published in accordance with the order of the surrogate for the presentment of claims. The copy of notice required the claims to be presented on or before the 25th of March, 1895. The rejection of the claim signed by the attorney for the administrators of the estate bears date March 23, 1895. The affidavits of the plaintiff show that the claim was presented prior to the 23d day of March, 1895; and they show, also, that the defendant Gallagher said he would not pay the account presented, and that he would not refer it under the statute, and, when the plaintiff informed him that he would have to sue the claim, the defendant Gallagher replied, "Then sue away." The affidavits support the conclusion reached at the special term, that the claim was presented within the time, and rejected, and that there was a refusal to refer. There was also read at the special term the certificate of Judge Avery to the effect "that before the commencement of this action, and within the time limited by notice published as prescribed by law, requiring creditors to present their claims to defendants, the plaintiff duly presented to the defendants a claim against their decedent's estate, duly made out in items and verified, and being substantially as presented in the issue in this action; that the defendants rejected such claim, and thereafter, and before the commencement of this action, the plaintiff duly offered said defendants to refer said claim to some proper referee, as by statute made and provided; and that such offer was absolutely refused by said defendants." That certificate bears date October 19, 1896. The learned judge who held the special term, and granted the order from which the appeal is taken, in an opinion satisfactorily states grounds for granting the order. In Snyder v. Snyder, 26 Hun, 324, it was held that, if the defendants refuse to refer a claim, upon a recovery the plaintiff is entitled to costs. See Code Civ. Proc. §§ 1835, 1836; Effray v. Masson (City Ct. N. Y.) 18 N. Y. Supp. 350; Nellis v. Duesler (Sup.) 18 N. Y. Supp. 315.

Order affirmed, with $10 costs and disbursements. All concur.